**W. F. McELVAIN et ux., Appellants,**

**v.**

**The TEXAS COMPANY et al., Appellees.**

**No. 5015.**

Court of Civil Appeals of Texas.

Beaumont.

Dec. 2, 1954.

David E. O'Fiel, D. Hubert O'Fiel, Beaumont, for appellants.

William S. Clarke, Houston, Walter Koch, Austin, for appellees.

WALKER, Justice.

Theodore F. Koch made an oil and gas lease to Thomas J. Baten on February 27, 1934, which covered a number of lots and tracts of land totaling 948.31 acres. It is apparent that the tracts leased did not join so as to form a single body of land. In this lease the lessor reserved ⅛th royalties on oil and gas and also reserved royalties on other minerals. The lease does not contain an "entirety clause" like that discussed in Thomas Gilcrease Foundation v. Stanolind Oil & Gas Co., Tex., 266 S.W.2d 850, nor does it contain any provision directing how royalties shall be paid if ownership of the leasehold becomes divided in severalty. On March 7, 1934, Mr. Baten conveyed this lease to appellee The Texas Company; and the lease is now in force.

By a deed dated August 30, 1935, Mr. Koch conveyed to the appellees Theo. Wm. Koch and Walter R. Koch 149.16 acres of the land leased and also conveyed 11.18 acres of land not covered by the lease. This deed contained provisions resembling the royalty transfer clause and the habendum clause in the deed to the appellants which is now to be described. It is not necessary to quote from Theodore F. Koch's deed to the appellees mentioned.

By a deed dated October 26, 1937, appellees Theo. Wm. Koch and Walter R. Koch conveyed to the appellants Wilton F. McElvain and wife, Jennie McElvain, a tract of 40 acres out of the land previously conveyed to said appellees, reserving, however, a one-sixteenth royalty in the oil, gas and other minerals. This deed contained the following provision which we will call the *royalty transfer clause:* "It is expressly understood and agreed that there is an oil, gas and mineral lease now in effect covering the above described tract together with other acreage, and the Grantors hereby convey and assign unto the Grantees all their right, title and interest as Lessors under said lease so far as it applied to the above described tract of land, save and except the one-sixteenth (1/16th) royalty interest hereinabove provided." This is followed immediately by the habendum clause, which reads: "to have and to hold the above described premises together with all and singular the rights and appurtenances thereto in anywise belonging subject, however, to the royalty reservation hereinabove provided, unto the said Wilton F. McElvain and wife, Jennie McElvain, their heirs and assigns, forever,—." A general warranty concludes the habendum.

Production of oil under the lease began after the deed to appellants was made, and this production continues but none of it comes from the land conveyed to appellants; it comes from some other part of the land leased to Thomas J. Baten by Theodore F. Koch. The facts do not show where this production is located on the leasehold.

By virtue of the deed to them the appellants claim a share of the royalty which

is now accruing under the lease from the oil produced, and they argue that this interest in the royalty was an *appurtenance* of the tract conveyed, within the meaning of that word as it is used in the habendum clause of appellants' deed. They trace their claim through the deed made to their grantors, to which they give an effect similar to that they claim for their own deed. Appellees argue that appellants' royalties under the lease are limited to the land conveyed to appellants.

It is not necessary for us to consider the effect of the deed to appellants' grantors. The deed to the appellants plainly conveyed to them royalties payable under the lease from production made from the land conveyed by said deed. But this deed did not convey a royalty on production under the lease from land other than that conveyed to appellants. This would clearly be so if the parties had made no agreement to the contrary. Japhet v. McRae, Tex.Com.App., 276 S.W. 669; Thomas Gilcrease Foundation v. Stanolind Oil & Gas Co., Tex., 266 S.W.2d 850. And the parties made no agreement to the contrary. Appellants' contention depends upon the effect to be given the *royalty transfer clause*; this provision controls the habendum clause regardless of any meaning the word "appurtenances" might otherwise have; and the *royalty transfer clause* does not express an intention to apportion the lease royalties in a way different from that made by the decisions cited. Appellants' grantors first stated in this transfer clause that the lease covered the land conveyed *"together with other acreage"* and then stated that they "hereby convey and assign unto the grantees all their right, title and interest as lessors under said lease *so far as it applies to the above described tract,"* excepting the one-sixteenth royalty reserved. We construe the words italicized as being restrictive and as expressing an intention to limit the royalty conveyed to that on production from the land conveyed. The provision we have called the *royalty transfer clause* seems equivalent to a provision in the deed to Japhet, as quoted in the

opinion of the Court of Civil Appeals in McRae v. Japhet, 269 S.W. 829, at page 835.

These comments determine the question raised by the appellants' points of error. All of these points are overruled and the judgment of the trial court is affirmed.